IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD BEERS, EK-6510,         )
    Petitioner,                )
                               )
    v.                         )    Civil Action NO. 06-306
                               )
FRANK D. GILLIS, et al.,       )
    Respondents.               )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Ronald Beers for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable constitutional claim.

II. Report:

Ronald Beers, an inmate at the State Correctional Institution at Coal Township, by his counsel, has presented a petition for a writ of habeas corpus. Beers is presently serving a life sentence imposed following his conviction, by a jury, of first degree murder, criminal homicide, robbery, theft and receiving stolen property at No. CP-65-CR-0001075-1999 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on July 21, 2000.[1]

An appeal was filed with the Superior Court in which the petitioner argued he was entitled to relief on the grounds that:

---

[1] See: Petition at ¶¶ 1-6.

> 1. The trial court erred by denying appellant's request for judgment of acquittal and/or request for a new trial on the basis that the jury verdict of first degree murder is legally inconsistent with the verdict of third degree murder in light of appellant's affirmative defense of diminished capacity and voluntary intoxication.
>
> 2. There was [in]sufficient evidence to sustain the verdict of first degree murder.
>
> 3. The trial court erred in preventing appellant's expert witness from rendering an opinion as to appellant's specific blood alcohol content.[2]

On September 14, 2001, the Superior Court affirmed the judgment of sentence.[3] Leave to appeal was denied by the Pennsylvania Supreme Court on January 31, 2002.[4]

Petitioner submitted a post-conviction petition on April 5, 2002 and by Order dated May 29, 2003, the court set forth its intention to dismiss the petition after twenty days. Prior to that dismissal, on June 16, 2003, the petitioner filed a pro se notice of appeal which was docketed at the Superior Court at No. 1423 WDA 2003.[5] After the dismissal of the post-conviction petition by the Court of Common Pleas, counsel for Beers filed a timely notice of appeal to the Superior Court which was docketed at No. 1366 WDA 2003[6]. In light of the counseled appeal, the Superior Court dismissed the pro se appeal for failure to comply with the Court's schedule.[7] In the Superior Court appeal, the issue presented was:

> 1. Whether or not this case should be remanded to the lower court to determine

---

[2] See: Respondents' appendix at pp. 45a-80a.

[3] See: Id. at pp.81a-88a.

[4] See: Id. at p.146a.

[5] See: Id. at pp. 34a-37a.

[6] See: Id. at pp. 29a-33a.

[7] See: Id. at p.36a.

whether or not trial counsel and PCRA counsel were ineffective.[8]

On April 27, 2004, the Superior Court affirmed the denial of post-conviction relief.[9] Allowance of appeal was denied by the Pennsylvania Supreme Court on January 25, 2005.[10]

The instant counseled petition was filed on March 8, 2006, and in it, Beers claims entitlement to relief on the grounds that:

> 1. His conviction was obtained in violation of the protection against double jeopardy as a result of the inconsistent verdicts of first and third degree murder.
>
> 2. He was denied the right to appeal in that his appeal was dismissed by the Superior Court for failure to file a docketing statement.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would

---

[8] See: Id. at pp.89a-107a.

[9] See: Id. at pp. 108a-113a.

[10] See: Id. at p.147.

be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a

4

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the first issue which the petitioner seeks to raise here has been presented to the appellate courts of the Commonwealth and is appropriately before this Court. However, his second issue, that is whether he was barred from seeking his appellate rights when the Superior Court dismissed his premature appeal for failure to prosecute not only has not been properly raised in the courts of the Commonwealth, but is in actually a non-issue in that his counseled appeal was considered by that Court.[11]

We thus turn to the petitioner's contention that his double jeopardy protections were violated by the jury returning allegedly inconsistent guilty verdicts on charges of first and third degree murder. The essence of this claim is that the petitioner cannot be guilty of both of these offenses.

The background to the conviction is set forth in the September 14, 2001 Memorandum of the Superior Court:

> Appellant, while in the company of two other men on a deserted road, shot the victim in the back of the head, killing him. According to the Commonwealth, the murder was the result of a plan by appellant and his two co-defendants to rob and kill the victim. According to appellant, his co-defendants planned the robbery and murder without his participation. Further, the two men used appellant, who was intoxicated at the time and who suffered from diminished mental capacity, to carry out the shooting. Appellant conceded that he pulled the trigger, but argued that he did not have the specific intent to kill. Thus, he asserted that his voluntary intoxication and diminished mental state made him guilty only of third, not first,

---

[11] See: Id. at pp. 29a-33a, 34a-37a.

degree murder.[12]

The Superior Court went on to consider the petitioner's claim that the evidence was insufficient to support a first degree murder conviction, noting:

> Our standard of review is whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove each element of the crime beyond a reasonable doubt... Appellant specifically asserts that the Commonwealth failed to prove he had the requisite intent to kill the victim because the Commonwealth did not disprove his affirmative defense of voluntary intoxication, which can operate to negate specific intent...
>
> Our review of the evidence leads us to conclude that appellant is not entitled to relief on this claim. Appellant admitted he shot the victim, but insisted that alcohol and marijuana made him unaware of what he was doing. Further, he offered expert testimony to establish that his cognitive impairments (a low I.Q. and attention deficit hyperactivity disorder), when coupled with the drugs and alcohol, precluded him from establishing the requisite intent.
>
> However, the confession appellant gave to police several months after the crime contained extensive detail of the events surrounding the shooting. And appellant provided even more detail in his testimony before the jury. He was also subjected to extensive cross-examination by the prosecutor, who sought to establish that in light of appellant's comprehensive recollection of events, he could not have been impaired as he claimed. In addition, the Commonwealth offered the testimony of a witness who was with the men just prior to the shooting and supplied them with the gun. This witness contradicted appellant's version of events and testified that he did not observe appellant drinking alcohol or using drugs, nor did he notice anything about appellant's condition.[13]

The relevant statute, 18 Pa.C.S.A. 2502 provides:

(a) Murder of the first degree. - A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

(b) Murder of the second degree. - A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or

---

[12] See: Id. at p.81a.

[13] See: Id. at pp.82a-83a.

an accomplice in the perpetration of a felony.

(c) Murder of the third degree. - All other kinds of murder shall be murder of the third degree.

There is no doubt that from the summary of the record as provided by the Superior Court, there was adequate evidence which if believed by the jury would support a conviction of first degree murder. Thus, the issue is whether the conviction of third degree murder is inconsistent with the first degree conviction. This is a matter of Pennsylvania law where consistency "is not required where there is evidence to support each verdict." Commonwealth v. Laird, 555 Pa.629 (1999). The Court in Commonwealth v. Young, 561 Pa.34, 51 (1999) clarified this matter further in writing:

> [T]hird degree murder is not a homicide that the Commonwealth must prove was committed with malice and without a specific intent to kill. Instead, it is a homicide that the Commonwealth must prove was committed with malice, but one with respect to which the Commonwealth need not prove, nor even address, the presence or absence of a specific intent to kill. Indeed, to convict a defendant for third degree murder, the jury need not consider whether the defendant had a specific intent to kill, nor make any finding with respect thereto. Thus, there is no inconsistency in the jury's convicting Appellant of both first and third degree murder.

Thus, this issue is without merit.

Finally, the issue is whether the two homicide convictions violated the petitioner's Fifth Amendment protection against double jeopardy. We first observe that the issue was never presented to the Pennsylvania appellate courts in this context. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

an accomplice in the perpetration of a felony.

(c) Murder of the third degree. - All other kinds of murder shall be murder of the third degree.

There is no doubt that from the summary of the record as provided by the Superior Court, there was adequate evidence which if believed by the jury would support a conviction of first degree murder. Thus, the issue is whether the conviction of third degree murder is inconsistent with the first degree conviction. This is a matter of Pennsylvania law where consistency "is not required where there is evidence to support each verdict." Commonwealth v. Laird, 555 Pa.629 (1999).  The Court in Commonwealth v. Young, 561 Pa.34, 51 (1999) clarified this matter further in writing:

> [T]hird degree murder is not a homicide that the Commonwealth must prove was committed with malice and without a specific intent to kill. Instead, it is a homicide that the Commonwealth must prove was committed with malice, but one with respect to which the Commonwealth need not prove, nor even address, the presence or absence of a specific intent to kill. Indeed, to convict a defendant for third degree murder, the jury need not consider whether the defendant had a specific intent to kill, nor make any finding with respect thereto. Thus, there is no inconsistency in the jury's convicting Appellant of both first and third degree murder.

Thus, this issue is without merit.

Finally, the issue is whether the two homicide convictions violated the petitioner's Fifth Amendment protection against double jeopardy. We first observe that the issue was never presented to the Pennsylvania appellate courts in this context. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

>demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Since no such showing is made here, the issue is procedurally defaulted.

However, even if this was not the case, the double jeopardy prohibition is designed to protect a defendant from being twice tried or punished for the same offense. <u>Schiro v. Farley</u>, 510 U.S. 222 (1994); <u>United States v. Rivera</u>, 384 F.3d 49 (3d Cir.2004). In the present case, the jury was presented with two different homicide instructions each requiring different elements, and in accordance with Pennsylvania law, a conviction on both counts is not an inconsistency. Needless to say, the petitioner could not have received two sentences for the same crime and indeed, he was sentenced to life in prison without any additional sentence. Thus, there are no double jeopardy implications.

We further observe that the Pennsylvania Supreme Court denied leave to appeal from the denial of post-conviction relief on January 25, 2005, and the instant petition was not filed until March 8, 2006. While the respondents appear to concede that the petition here was timely filed[14] this is incorrect in that the one year statute of limitations set forth in 28 U.S.C. 2244(d) had clearly expired.

Because the petitioner's allegations here are without merit, it is recommended that the petition of Ronald Beers for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have

---

[14] See: Answer at p.6.

seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                                  Respectfully submitted,

Entered: May 12, 2006                    s/Robert C. Mitchell,
                                                              United States Magistrate Judge