IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD BEERS, EK-6510, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 2:06-cv-306 |
| | ) | |
| ROBERT GILMORE, et al., | ) | |
|     Respondents. | ) | |

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petitioner's Rule 60(b)(6) Motion be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Ronald Beers, an inmate at the State Correctional Institution at Greene has presented a Rule 60(b)(6) motion seeking relief from June 5, 2006 dismissal of his petition for a writ of habeas corpus and the subsequent denial of a certificate of appealability by the Court of Appeals on December 6, 2006.

Beers is presently serving a life sentence imposed following his conviction by a jury of first degree murder, criminal homicide, robbery, theft and receiving stolen property at No. CP-65-CR-1075-1999 in the Court of Common Pleas of Westmoreland County, Pennsylvania. As discussed above his federal habeas petition was dismissed on June 5, 2006, but he now, under the guise of Rule 60(b)(6) seeks to have the challenged conviction reviewed in light of the decision of the United States Supreme Court in Montgomery v. Louisiana, 136 S.Ct. 718 (2016) which held that the Court's earlier decision in Miller v. Alabama, 132 S.Ct. 2455 (2012) should be applied retroactively. In Miller the Court held that a mandatory sentence of life imprisonment without

parole imposed on individuals who were under the age of 18 at the time the offense was committed was unconstitutional. 132 S.Ct. at 2469.

However, the record in this case, submitted by the petitioner includes the April 14, 2014 opinion of the second post-conviction court which concluded that "the record is abundantly clear that Beers was age nineteen at the time that he committed his crime [Beers' date of birth is March 11, 1979. The offense in this case was committed on November 3, 1998]."[1] That is, the record demonstrates that at the time of the offense, Beers was over the age of 19 and thus the holding in Miller is clearly not applicable to him.[2]

Rule 60(b)(6) provides that "the court may relieve a party … from a final judgment … for … any other reason that justifies relief." The petitioner's argument is that under Miller he is entitled to relief. However, his reliance on discussion in Miller is misplaced since the clear limited holding of the Court is that persons under the age of 18 at the time of the offense cannot be sentenced to statutory mandatory life sentences, a holding that is inapplicable to him. For this reason, he is not entitled to relief.

Accordingly, it is recommended that the Rule 60(b) motion submitted by Ronald Beers, be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: April 7, 2016 United States Magistrate Judge

---

[1] Factual determinations by a state court are entitled to a presumption of correctness, and based on the record as submitted by the petitioner there are no grounds upon which to disturb this determination. 28 U.S.C. § 2254(e)(1).
[2] Beers appears to rely on the Court's Miller recitation that the human brain is not fully developed until age 25, but this discussion is inapplicable to the Court's holding.